**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42229**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Opinion No. 37 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 24, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JASON EPHRIAM ROWLAND, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Jason Ephriam Rowland appeals from his judgment of conviction for possession of a controlled substance. He argues that the district court erred in denying his motion to suppress because he was subjected to a warrantless search of his person during execution of a search warrant for his residence. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

After receiving information that controlled substances, drug paraphernalia and stolen property were located at Rowland's residence, officers obtained a search warrant. One officer entered the basement of the residence and observed a chainsaw case and chainsaw parts located on the stairs. The officer encountered Rowland in the basement and detained him. The officer

1

took Rowland upstairs and informed another officer that Rowland had not been patted down for weapons. Rowland was then frisked and a baggie of white powder, which was later confirmed to be methamphetamine, was discovered in his front pocket. During the search of Rowland's residence, officers matched the serial numbers of the chainsaw parts with that of the stolen property listed in the search warrant. They also discovered drug paraphernalia and controlled substances.

Rowland was charged with possession of a controlled substance and possession of drug paraphernalia, with a persistent violator sentencing enhancement. Rowland filed a motion to suppress, seeking to exclude all evidence seized from his person during the search. At the suppression hearing, Rowland argued that the search warrant authorized only a search of the residence, not a search of Rowland's person, and that there was no applicable exception to the warrant requirement that authorized a warrantless search of his person. He further contended that the items discovered in the residence could not be tied to him prior to the search of his person and that the search went beyond the permissible scope of a *Terry*[1] frisk for weapons.

In response, the state argued that the warrant listed Rowland and authorized a search of the "described premises and persons." Alternatively, the state argued that, because the officers had probable cause to arrest Rowland upon seeing the chainsaw case and parts, which corresponded to the stolen property included in the search warrant, the search was close enough in time to the subsequent arrest so as to be incident to that arrest. Finally, the state argued that, under the doctrine of inevitable discovery, even if the search of Rowland's person was unconstitutional, the exclusionary rule should not apply.

The district court denied Rowland's motion to suppress, concluding that the search warrant sufficiently authorized the search of his person. The district court held in the alternative that the officers had probable cause to arrest Rowland upon discovery of the chainsaw parts and case, which corresponded to the stolen property described in the search warrant. As a result, the search was also permissible as incident to the subsequent arrest. Because the district court determined that the search of Rowland's person was valid, it declined to address whether the doctrine of inevitable discovery applied.

---

[1]     *See Terry v. Ohio*, 392 U.S. 1, 27, 30 (1968).

Rowland subsequently entered a conditional guilty plea to possession of a controlled substance, I.C. § 37-2732(c)(1), reserving his right to challenge the denial of the motion to suppress. As part of the plea agreement, the state dismissed the possession of drug paraphernalia charge along with the persistent violator sentencing enhancement. The district court sentenced Rowland to a unified term of seven years, with a minimum period of confinement of three years, and retained jurisdiction. Rowland appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Rowland argues that the district court erred in denying his motion to suppress. Specifically, he contends that the search of his person exceeded the scope of a permissible *Terry* frisk for weapons. He further contends that the district court's finding that the search warrant permitted a search of Rowland's person was clearly erroneous and that it erred in holding that probable cause to arrest him existed prior to the search of his person, making the search incident to the subsequent arrest.[2]

---

[2] Rowland contends that the search of his person violated both the Idaho and the federal constitutions. However, he provides no cogent reason why Article I, Section 17 of the Idaho Constitution should be applied differently than the Fourth Amendment to the United States Constitution in this case. Therefore, we will rely on judicial interpretation of the Fourth Amendment in our analysis of Rowland's claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).

The search warrant is somewhat unconventional in that it is a verbatim copy of the officer's affidavit in support of the warrant. Much of the search warrant consists of the officer's averments, but there is also a description of the premises to be searched and the drugs and drug-related contraband to be seized. Rowland is mentioned only in the officer's averments in the context of allegations made by an informant to the officer. The search warrant concludes with a command to "search the above described premises and persons for the property described above."

We need not address whether the district court erred in finding that the warrant permitted a search of Rowland's person and holding that the search was constitutionally permissible even if not authorized by the warrant. Even assuming the district court erred, suppression was not appropriate in any event due to the inevitable discovery of the evidence. Although the district court declined to decide whether the inevitable discovery doctrine applied in this case, where a ruling in a criminal case is correct, though not based upon a correct reason, it still may be sustained upon the proper legal theory. *See State v. Avelar*, 129 Idaho 700, 704, 931 P.2d 1218, 1222 (1997); *State v. Pierce*, 107 Idaho 96, 102, 685 P.2d 837, 843 (Ct. App. 1984).

The exclusionary rule is the judicial remedy for addressing illegal searches and bars the admission or use of evidence gathered pursuant to the illegal search. *State v. Bunting*, 142 Idaho 908, 915, 136 P.3d 379, 386 (Ct. App. 2006). The inevitable discovery doctrine is an exception to the exclusionary rule that was established by the United States Supreme Court in *Nix v. Williams*, 467 U.S. 431, 444 (1984) and adopted by the Idaho Supreme Court in *Stuart v. State*, 136 Idaho 490, 497-99, 36 P.3d 1278, 1285-87 (2001). In *Nix*, a police interrogation done in violation of the defendant's right to counsel produced incriminating statements that led to the discovery of a murder victim's body. The Supreme Court held that evidence concerning the body and its location was nevertheless admissible because an independent search that was already underway would inevitably have led to the discovery of the body. The Court held that the exclusionary rule should not be applied because its application would put police in a worse position than it would have occupied without the constitutional violation. *Nix*, 467 U.S. at 442-43. The Court later expanded on the reasoning of the inevitable discovery doctrine, explaining that it was simply an extrapolation of the independent source doctrine, stating that "*since* the tainted evidence would be admissible if in fact discovered through an independent source, it

4

should be admissible if it inevitably would have been discovered." *Murray v. United States*, 487 U.S. 533, 539 (1988); *see also State v. Cook*, 106 Idaho 209, 222, 677 P.2d 522, 535 (Ct. App. 1984) (Burnett, J., joined by Walters, C.J., specially concurring) (noting that the inevitable discovery doctrine was really an extension of the concept of an independent source to cover hypothetical--rather than actual--sources of evidence).

In *Stuart*, the Idaho Supreme Court adopted the reasoning utilized in *Nix* and expanded upon in *Murray*. Applying that reasoning, the Court held that witnesses whose names and locations police discovered through unlawful interception of confidential attorney-client telephone conversations would inevitably have been discovered by lawful means unrelated to the monitored telephone calls, precluding suppression of their testimony because it would not have achieved the balance sought by the *Nix* Court in adopting the inevitable discovery doctrine. *Stuart*, 136 Idaho at 497-98, 36 P.3d at 1285-86.

Thus, the inevitable discovery doctrine applies when a preponderance of the evidence demonstrates that the evidence discovered pursuant to an unlawful search or seizure would have inevitably been discovered by lawful methods. *Nix*, 467 U.S. at 444; *Bunting*, 142 Idaho at 915, 136 P.3d at 386. This doctrine balances society's interests in deterring illegal police conduct and in having juries receive all probative evidence of a crime by only applying the exclusionary rule to put the government in the same, not a worse, position that it would have occupied absent the police misconduct. *Nix*, 467 U.S. at 443; *State v. Russo*, 157 Idaho 299, 306, 336 P.3d 232, 239 (2014); *see also State v. Bower*, 135 Idaho 554, 558, 21 P.3d 491, 495 (Ct. App. 2001) (noting that, because of the high cost the exclusionary rule imposes upon society by allowing the guilty to escape prosecution, it should be employed only when there has been a substantive violation of a defendant's constitutional rights). When the discovery of the evidence would have been inevitable as the result of other lawful means, the exclusionary rule fails to serve this purpose, and, therefore, does not apply. *Nix*, 467 U.S. at 443-44.

Although those lawful means need not be the result of a wholly independent investigation, *State v. Buterbaugh*, 138 Idaho 96, 102, 57 P.3d 807, 813 (Ct. App. 2002), they must be the result of some action that actually took place (or was in the process of taking place) that would inevitably have led to the discovery of the unlawfully obtained evidence, *Bunting*, 142 Idaho at 915-16, 136 P.3d at 386-87. Indeed, the inevitable discovery doctrine was never

intended to swallow the exclusionary rule by substituting what the police *should* have done for what they really did or were doing. *State v. Holman*, 109 Idaho 382, 392, 707 P.2d 493, 503 (Ct. App. 1985); *Cook*, 106 Idaho at 226, 677 P.2d at 539.

Here, Rowland did not challenge the validity of the search warrant for his residence, which resulted in the discovery of the parts corresponding to the stolen chainsaw, controlled substances, and drug paraphernalia. Rowland acknowledges that, even without the warrantless search of his person, he would have eventually been arrested as a result of the contraband found pursuant to the valid search warrant and would have been searched incident to that arrest. A preponderance of the evidence in the record supports this acknowledgment. Specifically, the officer's affidavit in support of the search warrant, which was incorporated into the warrant, noted that an informant had admitted to stealing a chainsaw and selling it to Rowland. The informant also claimed that he had recently observed controlled substances in Rowland's residence and had observed Rowland weighing the controlled substances on a digital scale. A search warrant for Rowland's residence was issued as a result. During the search pursuant to that warrant, the officers discovered chainsaw parts with serial numbers corresponding to that of the stolen chainsaw described in the warrant. The officers also found controlled substances and paraphernalia, including the digital scale described by the informant, in another part of Rowland's residence as a result of the warrant. Thus, a preponderance of the evidence in the record indicates that Rowland would certainly have been arrested as a result of the contraband found pursuant to the valid search warrant and then searched incident to that arrest, making the discovery of the methamphetamine in his pocket inevitable. Thus, employing the exclusionary rule to suppress the evidence at issue in this case would put the police in a worse position than they would have occupied absent the allegedly improper conduct, thereby failing to achieve the balance described in *Nix* and endorsed in *Stuart*. As a result, even if the search of Rowland's person was unconstitutional, the inevitable discovery doctrine precluded suppression of the methamphetamine found pursuant to that search.

### III.

### CONCLUSION

Although the district court denied Rowland's motion to suppress on other grounds, we conclude that the denial was proper because the inevitable discovery doctrine precluded

suppression in any event. Accordingly, Rowland's judgment of conviction for possession of a controlled substance is affirmed.

Judge LANSING and Judge GUTIERREZ, **CONCUR**.