**IN THE COURT OF APPEALS OF IOWA**

No. 14-1746
Filed February 24, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NATHAN JAMES ERICSON,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Woodbury County, James D. Scott (motion) and Steven J. Andreasen (trial), Judges.

    A defendant appeals the denial of his motion to suppress. **AFFIRMED.**

    Robert B. Brock II of Law Office of Robert B. Brock II, P.C., Le Mars, for appellant.

    Thomas J. Miller, Attorney General, and Kevin Cmelik and Louis S. Sloven, Assistant Attorneys General, for appellee.

    Considered by Potterfield, P.J., and Doyle and Tabor, JJ. Scott, S.J., takes no part.

**TABOR, Judge.**

Nathan Ericson challenges his conviction for possession of methamphetamine. He contends the district court should have suppressed the drugs discovered by a state trooper during a pat down and plain-feel search. Because the district court properly relied on the doctrine of inevitable discovery to uphold the search, we affirm Ericson's conviction.

## I.    Background Facts and Proceedings

Ericson was a backseat passenger in a Cadillac stopped for excessive window tint on Interstate 29 in the afternoon of December 21, 2013. Iowa State Trooper Chad Schweitzberger discovered the driver did not have a valid license. The trooper asked the two passengers for identification. Trooper Schweitzberger learned Ericson's driver's license was revoked for drug-related charges and he "appeared to have a warrant for his arrest through Plymouth County." Trooper Schweitzberger then contacted dispatch to confirm Ericson's warrant was still pending. The trooper recalled Ericson did not make eye contact and his arms had been "moving around the back seat."

Responding to a request for backup, Trooper Chris Barber asked Ericson to step out of the car and placed him in handcuffs. The trooper believed Ericson was under the influence of a drug or alcohol because he was "lethargic in his mannerisms" and his speech was slurred. Trooper Barber performed a pat down. Trooper Barber "felt an unusually shaped, kind of round lump" in Ericson's left front pocket. The trooper described the object as hard and estimated its size as "about a half inch or so in diameter." Trooper Barber removed the object from

Ericson's pocket and saw that it looked like methamphetamine.[1] The troopers placed Ericson under arrest for possession of methamphetamine. Following the discovery, the troopers received confirmation from dispatch that Ericson's arrest warrant was still outstanding.

On January 14, 2014, the State filed a trial information charging Ericson with possession of methamphetamine, in violation of Iowa Code section 124.401(5) (2013), and as a habitual offender under section 902.8.

Ericson filed a motion to suppress the drugs arguing Trooper Barber lacked probable cause to search the pocket and the search went "beyond what is necessary to determine if the suspect is armed" as permitted by *Minnesota v. Dickerson*, 508 U.S. 366, 367 (1993). The State resisted. Following a hearing, the district court denied Ericson's motion.

The district court held the evidence was admissible under the plain-feel exception to the warrant requirement. The court found Trooper Barber was justified in patting Ericson down for safety reasons. The court also noted "the trooper believed the item could be a weapon component or drugs given the circumstances, and because he did not manipulate the item and conduct a further search unauthorized by *Terry*, the subsequent search of Defendant's pocket is lawful." The court also ruled the evidence was admissible under the inevitable-discovery doctrine as the drugs would have been found in a search incident to arrest following the confirmation of Ericson's outstanding arrest warrant.

_____

[1] A field test later confirmed it was methamphetamine.

Ericson waived his right to a jury trial and stipulated to a trial on the minutes of testimony. The court convicted Ericson of methamphetamine possession with the habitual-offender enhancement. The court sentenced him to an indeterminate term of incarceration not to exceed fifteen years with a three-year mandatory minimum term. Ericson now appeals.

## II.  Standard of Review

Because Ericson raises a Fourth Amendment issue,[2] we review de novo the totality of the circumstances as shown by the entire record. *See State v. Naujoks*, 637 N.W.2d 101, 106 (Iowa 2001).

## III.  Analysis

The trooper's warrantless search of Ericson's pocket is per se unreasonable under the Fourth Amendment unless the State can establish an exception to the warrant requirement. *See id.* at 107. The State offered two justifications for the search at the suppression hearing: plain feel and inevitable discovery.

The plain-feel exception is of relatively recent origin. In 1993 the United States Supreme Court recognized a parallel to the plain-view doctrine for "tactile discoveries of contraband." *See Dickerson*, 508 U.S. at 375. The *Dickerson* court described the exception as follows: "If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons." *Id.*

---

[2] Ericson does not invoke article I, section 8 of the Iowa Constitution.

Ericson argues it was not "immediately apparent" to the trooper the "lump" in Ericson's pocket was contraband other than a weapon. Trooper Barber testified he believed the object was "either drugs or maybe a component of a weapon, like a bullet or something like that." The State contends the plain-feel exception does not demand "absolute certainty" from an officer, only "probable cause to believe the item is contraband." *See id.* at 376.

While absolute certainty may not be required, an item's incriminating nature is not "immediately apparent" if an officer is torn between multiple-choice options. *See Commonwealth v. Crowder*, 884 S.W.2d 649, 652 (Ky. 1994) (concluding search was unconstitutional when officer testified item "felt like a small gumball" and "*may* have been a bindle of drugs"). We agree with Ericson that the search of his pocket was not justified under the plain-feel exception.

Having found the trooper overstepped constitutional bounds in seizing the methamphetamine from Ericson's pocket, the next question is whether the State can avoid the exclusionary rule through the doctrine of inevitable discovery. Inevitable discovery is "an extrapolation from the independent source doctrine: *Since* the tainted evidence would be admissible if in fact discovered through an independent source, it should be admissible if it inevitably would have been discovered." *Murray v. United States*, 487 U.S. 533, 539 (1988). The doctrine applies when "relevant, probative evidence gathered despite Fourth Amendment violations is not constitutionally excluded when the police would have inevitably discovered the same evidence acting properly." *See State v. Christianson*, 627 N.W.2d 910, 912 (Iowa 2001); *see also State v. Seager*, 571 N.W.2d 204, 211

(Iowa 1997). The doctrine recognizes society has an interest in deterring unlawful police conduct but also has an interest in having the fact finder receive all probative evidence of a crime. *Christianson*, 627 N.W.2d at 912. The proper balance between these interests is achieved by "putting the police in the same, not a worse, position [than] they would have been in if no police error or misconduct had occurred." *Id.* (quoting *Nix v. Williams*, 467 U.S. 431, 443 (1984)).

Here, the troopers received initial information that Ericson had an outstanding warrant for his arrest before Trooper Barber conducted the pat down for weapons and plain-feel search. Trooper Schweitzberger had contacted dispatch for confirmation of the outstanding warrant. Shortly after Trooper Barber discovered the methamphetamine, dispatch responded to Trooper Schweitzberger that Ericson's arrest warrant was still outstanding. Trooper Schweitzberger testified he and Trooper Barber would have arrested Ericson based on the outstanding warrant and would have searched him incident to arrest and before booking him at the jail.[3]

Search incident to arrest is another recognized exception to the warrant requirement. *State v. Gaskins*, 866 N.W.2d 1, 8 (Iowa 2015) (explaining this exception "derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations"). Because the troopers inevitably and actually in short order, would have searched Ericson incident to executing the valid arrest warrant and would have obtained the methamphetamine through

---

[3] The officers took Ericson to the hospital for medical attention rather than directly to jail.

lawful means, the exclusionary rule does not apply. *Cf. State v. Rowland*, 352 P.3d 506, 510 (Idaho Ct. App. 2015) (holding defendant "would certainly have been arrested as a result of the contraband found pursuant to the valid search warrant and then searched incident to that arrest, making the discovery of the methamphetamine in his pocket inevitable.").

Relying on *Christianson*, Ericson argues "the later discovery that the Plymouth County warrant was valid, and the troopers' testimony that Ericson would have been arrested anyway, cannot retroactively create reasonable grounds for the troopers to believe that the 'unusually shaped lump' in Ericson's pocket was contraband." *See Christianson*, 627 N.W.2d at 912-13 (holding "existence of reasonable grounds is a condition precedent to imposition of implied consent" under chapter 321J). Ericson's reliance is misplaced. The inevitable-discovery analysis in *Christianson* was cabined to reasonable grounds for implied consent; it does not pertain here. As the State argues, the inevitable-discovery doctrine does not "help prove Trooper Barber's action was proper; rather it allows the State to argue this particular evidence would have been obtained even if Trooper Barber had not reached into the defendant's pocket at that point in the evening."

Ericson does not contest the inevitability of his arrest upon confirmation of the outstanding warrant from dispatch. He does not argue the troopers would not have found the drugs during a valid search incident to his arrest under that warrant. On this record, employing the exclusionary rule to suppress the methamphetamine would put the troopers in a worse position than they would

have been absent the improper plain-feel search, thereby failing to achieve the balance described in *Nix*.  Accordingly, we uphold the suppression ruling on the basis of inevitable discovery.  Ericson's conviction remains in place.

**AFFIRMED.**