IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 46478

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 27, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JOSHUA JAY MILLER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Judgment of conviction for possession of a controlled substance, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Joshua Jay Miller appeals from his judgment of conviction for possession of a controlled substance. Miller challenges the district court's order denying his motion to suppress. We affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Officers were dispatched to a residence in response to a call for emergency services. The caller indicated that a woman in the residence had threatened to hang herself and her six-year-old son. When the officers arrived at the residence, they knocked at the door, but received no response. As a result, the officers entered the home through the front and back entrances, announced their presence, and began searching for the occupants. One officer found the woman

1

and demanded to know where her son was. The woman indicated she had been "joking" about the threats and denied her son was in danger, but initially refused to tell the officer where her son was. As that officer stayed with the woman, two other officers, including Officer Anderson, continued searching the home to look for the woman's son. During his search, Officer Anderson saw movement in one of the upstairs bedrooms. Officer Anderson indicated that, in that moment, he thought the movement was a "swinging body." Upon entering the room, Officer Anderson discovered Miller seated on a couch. Officer Anderson inquired about Miller's identity, but Miller refused to identify himself. Officer Anderson handcuffed Miller and performed a pat search for weapons during which Miller acknowledged that he had a knife in his right, front pocket. When Officer Anderson removed the knife, a baggie of methamphetamine fell out. Officer Anderson arrested Miller and asked another officer to take Miller downstairs. After passing Miller to the other officer, Officer Anderson looked around the room and saw drug paraphernalia spread out on the bed. After seeing the paraphernalia, Officer Anderson learned that the woman's son was found unharmed elsewhere in the house.

The State charged Miller with felony possession of a controlled substance, misdemeanor possession of a controlled substance, and possession of drug paraphernalia. Miller filed a motion to suppress, arguing that he was unlawfully frisked because there was no basis for concluding that he was armed and dangerous at the time the frisk occurred. Following the suppression hearing, the district court entered a written order denying Miller's motion. The district court declined to address the legality of the frisk because it concluded that the methamphetamine in Miller's pocket would have inevitably been discovered because of the paraphernalia on the bed in the room where Miller was found. Miller thereafter entered a conditional guilty plea to felony possession of a controlled substance (I.C. § 37-2732(c)), reserving his right to challenge the denial of his motion to suppress. In exchange for his guilty plea, the State agreed to dismiss the remaining charges. Miller appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts

2

as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Miller contends that the district court erred in denying his motion to suppress. Miller asserts that he was unlawfully frisked. Miller further asserts that the district court's inevitable discovery analysis was erroneous because it was based on speculation and improper hypotheticals about what could have been done rather than what would have inevitably occurred absent the frisk. The State responds that the district court properly applied the inevitable discovery doctrine because Officer Anderson was lawfully searching the house when he found contraband in plain view and such discovery would have inevitably led to Miller's arrest and the search of his pocket incident to arrest. We hold that the district court properly applied the inevitable discovery doctrine in denying Miller's motion to suppress.[1]

The exclusionary rule is a judicially-created remedy that allows for the exclusion of evidence discovered as a result of an illegal search or seizure. *State v. Bunting*, 142 Idaho 908, 915, 136 P.3d 379, 386 (Ct. App. 2006). There are, however, exceptions to the exclusionary rule. One such exception is the inevitable discovery doctrine. The inevitable discovery doctrine applies when a preponderance of the evidence demonstrates that the evidence discovered pursuant to an unlawful search or seizure would have inevitably been discovered by lawful means. *Nix v. Williams*, 467 U.S. 431, 444 (1984); *Bunting*, 142 Idaho at 915, 136 P.3d at 386. Although those lawful means need not be the result of a wholly independent investigation, they must be the result of some action that actually took place (or was in the process of taking place) that would inevitably have led to the discovery of the evidence. *State v. Rowland*, 158 Idaho 784, 787, 352 P.3d 506, 509 (Ct. App. 2015).

---

[1]    Because we affirm the district court's decision based on its application of the inevitable discovery doctrine, we need not address Miller's challenge to the legality of the frisk.

The relevant action actually taking place in this case was Officer Anderson's search for a child following a report that the child's mother threatened to hang him. That search led Officer Anderson to the bedroom of a home where he discovered Miller and where he saw drugs and drug paraphernalia in plain view. The plain view doctrine allows for seizure of evidence of a crime if the officer is lawfully in a position to seize the evidence and the criminal nature of the evidence is immediately apparent. *See Horton v. California*, 496 U.S. 128, 135-37 (1990); *State v. Claiborne*, 120 Idaho 581, 586, 818 P.2d 285, 290 (1991). Based on the exigency that warranted the officers' entry into the home and subsequent search for a child, Officer Anderson was lawfully in a position to seize the drugs and paraphernalia in the bedroom, the criminal nature of which was readily apparent. Miller did not challenge either the officers' entry or the fact that contraband was in plain view. Instead, Miller's motion to suppress only challenged the frisk and related search of his pocket that revealed methamphetamine. Thus, the question is whether the discovery of the methamphetamine was inevitable based on the other drug evidence that was in plain view.

Officer Anderson testified that after he "hand[ed]" Miller off to another officer, he "notic[ed] the room with more clarity" and saw the paraphernalia on the bed and a bottle of what appeared to be marijuana next to the couch where Miller had been sitting. Regarding the timing of Officer Anderson's discovery of the drugs and paraphernalia, the district court found the officer "credibly testified that he was highly focused and had 'tunnel vision' in th[e] moment" he entered the room and was surprised to find Miller sitting there such that he did not notice the contraband until after Miller was secured. The district court found that if Miller had not been in the room, Officer Anderson would have "conducted a similar scan of the room" looking for the child just as he did after removing Miller. The district court also found that Officer Anderson would inevitably have arrested Miller after Officer Anderson identified the contraband near where Miller was discovered, and that a search incident to that arrest would have revealed the methamphetamine in Miller's pocket. Miller characterizes the district court's findings in this regard as speculative, inappropriate hypotheticals. We disagree. Officer Anderson's discovery of the contraband in the bedroom was neither speculative nor hypothetical given that it occurred. To the extent Miller's argument suggests that Officer Anderson would not or could not look in the bedroom as part of the search for the child, or that Officer Anderson could not turn back

4

around and look back into the bedroom after removing Miller, such an argument is untenable. There is no legal or factual basis for concluding that Officer Anderson had to leave the bedroom or not look back into the bedroom once Miller was gone.

Regarding the inevitability of arrest, Miller has failed to establish error in the district court's decision. The discovery of drugs and paraphernalia in the room where Miller was present provided probable cause for Miller's arrest and a search incident to that arrest would have revealed the methamphetamine. *See State v. Martinez-Gonzalez*, 152 Idaho 775, 779, 275 P.3d 1, 5 (Ct. App. 2012) (explaining an officer has probable cause to arrest if he or she possesses information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that the person arrested is guilty of a crime); *State v. Foster*, 127 Idaho 723, 728, 905 P.2d 1032, 1037 (Ct. App. 1995) (recognizing search incident to a lawful arrest is a well-recognized exception to Fourth Amendment's warrant requirement).

Application of the inevitable discovery doctrine in this case does not depend on speculation or improper hypotheticals, but is based on the evidence presented. Miller has failed to show the district court erred in denying his motion to suppress.

## IV.

## CONCLUSION

The district court correctly concluded that the methamphetamine in Miller's pocket would have been inevitably discovered because the drug paraphernalia in plain view in the bedroom would have led to Miller's arrest and a search incident to that arrest. Therefore, Miller has failed to show the district court erred in denying his motion to suppress, and his judgment of conviction for felony possession of a controlled substance is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

5