**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 46160/46161**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 30, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DAMEAN DEAN ESPINOZA, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgments of conviction for possession of a controlled substance with intent to deliver and for possession of a controlled substance, vacated; order denying motions to suppress, reversed; and consolidated cases remanded.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Damean Dean Espinoza challenges the district court's denial of his motions to suppress in these consolidated cases. Based on the Idaho Supreme Court's decision in *State v. Clarke*, 165 Idaho 393, 446 P.3d 451 (2019), we reverse the district court's order, vacate the judgments of conviction, and remand for further proceedings.

**I.**

**STANDARD OF REVIEW**

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a

1

suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## II.

## ANALYSIS

In August 2017, Espinoza was arrested for misdemeanor assault after two officers responded to a report of an assault at a gas station. Neither officer observed the assault, but the officers arrested Espinoza based on their interviews with him and the alleged victim. During a search incident to Espinoza's arrest, the officers found what they believed to be heroin on his person. In January 2018, an arrest warrant was issued for Espinoza based on the heroin found during his August 2017 arrest. Espinoza was arrested pursuant to the warrant while he was driving. During a search incident to his January 2018 arrest, officers found heroin and other contraband on Espinoza and in his car.

As a result of Espinoza's August 2017 arrest, the State charged Espinoza with possession of a controlled substance with intent to deliver, Idaho Code § 37-2732(a)(1). As a result of Espinoza's January 2018 arrest, the State charged Espinoza with trafficking in heroin, I.C. § 37-2732B(a)(6)(A), and also with two misdemeanors: driving while suspended, I.C. § 18-8001, and possession of drug paraphernalia, I.C. § 37-2734A(1). Espinoza filed motions to suppress in both cases, and the cases were consolidated.

In support of his motions to suppress, Espinoza argued his August 2017 arrest violated Article I, Section 17 of the Idaho Constitution because the arrest was for a "completed misdemeanor," namely a misdemeanor "which is no longer in progress when the officer arrives on the scene." *See Clarke*, 165 Idaho at 454 n.6, 446 P.3d at 398 n.6 (defining "completed misdemeanor"). Based on the unlawful nature of his August 2017 arrest, Espinoza argued the district court had to suppress all of the evidence from his August 2017 and his January 2018 arrests. The court found that neither officer observed the assault giving rise to Espinoza's August 2017 arrest and that "the basis for the [January 2018] arrest warrant was the evidence discovered as a result of a search incident to [the August 2017] arrest." Despite that the officers did not observe Espinoza assault the victim, the court ruled that Espinoza's August 2017 arrest for misdemeanor assault was lawful, and it denied his motions to suppress.

2

Thereafter, Espinoza pled guilty to possession of a controlled substance with intent to deliver and to an amended charge of possession of a controlled substance, and the State agreed to dismiss the remaining charges. As a condition of his plea, Espinoza reserved his right to appeal the district court's denial of his motions to suppress. Espinoza timely appealed.

Subsequently, Espinoza moved to suspend his appeals until the Idaho Supreme Court resolved (in another appeal pending before the Court) the issue of whether an arrest for a misdemeanor completed outside an officer's presence is unlawful. The Court granted Espinoza's motion. Subsequently, the Court held in *Clarke* that "the framers of the Idaho Constitution understood that Article I, section 17 prohibited warrantless arrests for completed misdemeanors." *Id.* at 399, 446 P.3d at 457.

Based on *Clarke*, Espinoza argues the district court erred by denying his motions to suppress. Specifically, he argues that his August 2017 arrest for a completed misdemeanor violated the Idaho Constitution and that the exclusionary rule requires suppression of all of the evidence seized during his August 2017 and his January 2018 arrests. *See State v. Rowland*, 158 Idaho 784, 786-87, 352 P.3d 506, 508-09 (Ct. App. 2015) (noting exclusionary rule bars admission or use of evidence gathered pursuant to illegal search). The State agrees that *Clarke* controls.

### III.

### CONCLUSION

Accordingly, we hold that the Idaho Supreme Court's decision in *Clarke* requires the suppression of all of the evidence obtained during Espinoza's August 2017 and his January 2018 arrests. Consequently, we reverse the district court's order denying Espinoza's motions to suppress, vacate the judgments of conviction, and remand these consolidated cases for further proceedings consistent with this opinion.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.