# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49021

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

LEWIS VANALEN BOREK,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: September 19, 2022

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail; Hon. Derrick O'Neill, District Judges.[1]

Judgment of conviction for operating a motor vehicle while under the influence of drugs, <u>vacated</u>; and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Lewis Vanalen Borek appeals from his judgment of conviction for felony operating a motor vehicle while under the influence (DUI) in violation of Idaho Code §§ 18-8004, 18-8005(9). Borek challenges the district court's denial of his motion to suppress. We reverse the district court's order, vacate the judgment of conviction, and remand for further proceedings consistent with this opinion.

---

[1] The Honorable Deborah A. Bail entered the order denying the motion to suppress at issue in this case. The Honorable Derrick O'Neill entered the judgment of conviction.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2020, Borek's vehicle rear-ended another vehicle while driving in Star. The driver of the other vehicle called law enforcement and stated he believed Borek was drunk. Detective Steele responded to the scene, saw Borek sitting in the driver's seat of his vehicle holding a breathalyzer interlock device, and recognized him from prior encounters. Detective Steele commented to Borek that his driver's license was suspended, and Detective Steele had Borek exit the vehicle to perform field sobriety tests. Borek was unable to perform the balance tests; his speech was slow; and his responses to Detective Steele's questions were inconsistent. Although Borek denied consuming alcohol, he admitted to taking anti-depressants the prior evening.

When Borek was unable to perform the field sobriety tests, Detective Steele concluded Borek was impaired, and Detective Steele handcuffed and arrested Borek for DUI. After arresting Borek, Detective Steele waited the required fifteen minutes before administering a breathalyzer test. This test measured Borek's breath alcohol level at .00/.00, and Detective Steele then suspected that Borek was under the influence of drugs. The district court found that while driving Borek to the Meridian Police Department, Detective Steele received information from the National Crime Information Center (NCIC) and Triple Iris system showing Borek had multiple DUI convictions. Subsequently, a drug recognition evaluation of Borek and a blood sample revealed the presence of drugs.

The State charged Borek with felony DUI because he had a prior felony DUI conviction within the last fifteen years. *See* I.C. § 18-8005(9) (providing for felony DUI if previously convicted of DUI within fifteen years). Borek filed a motion to suppress, arguing he was arrested without a warrant for a completed misdemeanor committed outside a law enforcement officer's presence in violation of Article I, Section 17, of the Idaho Constitution, as interpreted by the Idaho Supreme Court in *State v. Clarke*, 165 Idaho 393, 446 P.3d 451 (2019). The district court held a hearing at which Detective Steele testified. Additionally, the video of Detective Steele's encounter with Borek from Detective Steele's body camera and an incident detail report generated during that encounter were admitted into evidence.

After the hearing, the district court issued a written decision denying Borek's suppression motion and rejecting his argument that Detective Steele arrested Borek for a completed misdemeanor committed outside Detective Steele's presence. The court provided two reasons for

rejecting Borek's argument. First, the court reasoned that at the time of Borek's arrest, Detective Steele knew about Borek's prior felony DUI conviction because it was in the public record. Specifically, the court stated: "[Borek] already had a prior felony DUI conviction and multiple qualifying misdemeanors in the public record which were also catalogued in NCIC, other law enforcement records and official court records." The court concluded Detective Steele had "imputed" knowledge of this public record under the "'common knowledge' or 'fellow officers' doctrine." Second, the court reasoned that the offense was not "completed" but rather an ongoing offense, stating "a DUI by its nature remains an ongoing offense since a sloppy or incomplete investigation puts an impaired driver back on the road, endangering a driving public and pedestrians." For those reasons, the court denied Borek's suppression motion. Thereafter, Borek conditionally pled guilty to felony DUI and reserved his right to appeal the denial.

Borek timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Borek asserts Detective Steele unlawfully arrested Borek for a misdemeanor offense completed outside Detective Steele's presence in violation of Article I, Section 17 of the Idaho Constitution. In support, Borek relies on the Idaho Supreme Court's decisions in *Clarke*, 165 Idaho 393, 446 P.3d 451, and *State v. Amstutz*, 169 Idaho 144, 492 P.3d 1103 (2021).[2] In *Clarke*,

---

[2] The district court did not have the benefit of *State v. Amstutz*, 169 Idaho 144, 492 P.3d 1103 (2021), which the Idaho Supreme Court issued after the denial of Borek's suppression motion.

the Court held that a police officer violates the Idaho Constitution if he makes "an arrest for a misdemeanor offense that occurred outside his presence" even if probable cause exists for that arrest. *Clarke*, 165 Idaho at 396, 399, 446 P.3d at 451, 454, 457. In *Amstutz*, an officer arrested Amstutz at her home for DUI--an offense that occurred outside the officer's presence. *Amstutz*, 169 Idaho at 145, 492 P.3d at 1104. Before arresting Amstutz, the officer had received a "driver's return" from dispatch showing Amstutz's prior DUI convictions, making the offense for which the officer arrested Amstutz a felony DUI. *Id.* The officer, however, testified that "he did not recall whether he specifically looked at the dates provided on the driver's return before arresting Amstutz." *Id.* at 148, 492 P.3d at 1107. Relying on *Clarke*, Amstutz filed a suppression motion, which the district court denied. *Amstutz*, 169 Idaho at 144-45, 492 P.3d at 1103-04. The Idaho Supreme Court reversed this denial. *Id.* at 145, 492 P.3d at 1104.

In doing so, the *Amstutz* Court noted that although "probable cause supporting an arrest does not require certainty on the officer's part, it does require that the officer possess some modicum of knowledge that would make it more probable than not that the person being arrested committed a crime." *Amstutz*, 169 Idaho at 148, 492 P.3d at 1107. That knowledge, the Court ruled, "must be more than information stored in a digital file that the officer could not remember looking at" or "that someone in dispatch or along the chain of creating the 'driver's return' looked at it." *Id.* Further, the Court ruled that while an officer can rely on information that dispatch tells him,[3] "an arresting officer must be personally aware of that information, rather than simply having it at his disposal in a State-created document or database." *Id.* Accordingly, the Court noted "the collective knowledge doctrine eliminates the requirement of personal knowledge, it does not eliminate the requirement of some knowledge." *Id.* at 149, 492 P.3d at 1108.

In response, the State concedes "the district court denied Borek's motion for reasons that are not supported by the law." The State acknowledges that, contrary to the district court's factual finding, Borek was "no longer in actual physical control of the vehicle" when Detective Steele

---

[3]     In support of this proposition that an officer can rely on information dispatch tells him, the Idaho Supreme Court cited *State v. Carr*, 123 Idaho 127, 844 P.2d 1377 (Ct. App. 1992). In that case, this Court ruled that "an officer in the field may rely on information supplied by other officers, and the collective knowledge of police officers involved in the investigation--*including dispatch personnel*--may support a finding of probable cause. *Id.* at 130, 844 P.2d at 1380 (emphasis added).

arrived on the scene because Borek's vehicle was neither moving nor running.[4] *See* I.C. § 18-8004(5) (providing "actual physical control" means "being in the driver's position of the motor vehicle with the motor running or with the motor vehicle moving"). Finally, the State acknowledges "the DUI did not remain ongoing during the investigation." *See also Reagan v. Idaho Transp. Dep't*, 169 Idaho 689, 696-97, 502 P.3d 1027, 1034-35 (2021) (rejecting argument that misdemeanor DUI not actually completed until sobriety tests administered and failed).

Nonetheless, the State asserts this Court can affirm the district court's denial of Borek's suppression motion under the right-result, wrong-theory rule. Generally, this rule provides that if the result of a trial court's order is correct but based on an erroneous theory, the appellate court may affirm on the correct theory, if raised before the trial court, by applying that theory to the same facts or undisputed facts in the record. *State v. Hoskins*, 165 Idaho 217, 222, 443 P.3d 231, 236 (2019). Relying on this rule, the State argues the collective knowledge of all the officers involved in the investigation establishes probable cause that Borek committed a felony DUI. Alternatively, the State argues the officers would have inevitably discovered by lawful means the evidence Borek seeks to suppress. We conclude that neither the district court's factual findings nor the undisputed facts in the record support the State's alternative theories. *See id.* (noting right-result, wrong-theory rule applies to "same facts or undisputed facts in the record").

## A.     Collective Knowledge

The State contends that under the collective knowledge doctrine, the investigating officers had probable cause to believe Borek committed a felony DUI. As an initial matter, we note this argument may not be preserved for appeal, although Borek does not challenge the argument as unpreserved. The only argument the State raised before the district court was under the inevitable discovery doctrine. Although the court references a "'common knowledge' or 'fellow officers' doctrine" in its decision--presumably meaning the collective knowledge doctrine--that reference is ambiguous.

Read one way, the district court's reference to the officers' "common knowledge" suggests it was referring to the officers' collective knowledge of facts establishing probable cause. Read

---

[4]     Detective Steele unequivocally testified that Borek's vehicle was neither moving nor running when Detective Steele arrived on the scene. Regardless, the district court found that Borek "was in actual physical control of a motor vehicle in a highway," contrary to I.C. § 18-8004(5).

another way, however, the court's reference may simply relate to its conclusion that, as a factual matter, Borek had committed a felony. The State's argument under the collective knowledge doctrine is possibly a response to the court's ruling on the "'common knowledge' or 'fellow officers' doctrine"; to Borek's reliance in his opening brief on *Amstutz*, 169 Idaho 144, 492 P.3d 1103, which addresses the collective knowledge doctrine and was released after the court denied Borek's suppression motion; or to both. The right-result, wrong-theory rule the State relies on allows an appellate court to affirm the trial court on the correct theory only if that theory was raised before the trial court. *Hoskins*, 165 Idaho at 222, 443 P.3d at 236. Given the ambiguity in the district court's decision, we assume without deciding the court relied on the collective knowledge doctrine for purposes of addressing probable cause, and thus the issue was before the court for purposes of addressing the State's argument under the right-result, wrong-theory rule that the investigating officers had probable cause to believe Borek committed a felony DUI.

A peace officer may make a warrantless arrest when a person has committed a public offense in the presence of the peace officer. I.C. § 19-603(1). Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that such person is guilty. *State v. Islas*, 165 Idaho 260, 264, 443 P.3d 274, 278 (Ct. App. 2019). In analyzing whether probable cause existed, this Court must determine whether the facts available to the officers at the moment of the seizure warranted a person of reasonable caution to believe that the action taken was appropriate. *Id.*; *State v. Hobson*, 95 Idaho 920, 925, 523 P.2d 523, 528 (1974). The application of probable cause to arrest must allow room for some mistakes by the arresting officer; however, the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusion of probability. *Klinger v. United States*, 409 F.2d 299, 304 (8th Cir. 1969); *Islas*, 165 Idaho at 264, 443 P.3d at 278. The facts making up a probable cause determination are viewed from an objective standpoint. *Islas*, 165 Idaho at 264, 443 P.3d at 278. In passing on the question of probable cause, the expertise and the experience of the officer must be taken into account. *State v. Ramirez*, 121 Idaho 319, 323, 824 P.2d 894, 898 (Ct. App. 1991).

Although a warrantless arrest for a misdemeanor offense completed outside an officer's presence is unconstitutional under *Clarke*, the relevant question is not what the officer believed the offense to be, but whether the facts available at the time of the arrest objectively provide probable cause to arrest for a felony offense. *State v. Porter*, 169 Idaho 455, 458, 497 P.3d 209,

6

212 (Ct. App. 2021) (citing *Amstutz*, 169 Idaho at 148, 492 P.3d at 1107). That an arresting officer does not have direct or personal knowledge of facts supporting probable cause is not dispositive. *State v. Carr*, 123 Idaho 127, 130, 844 P.2d 1377, 1380 (Ct. App. 1992). Rather, "the collective knowledge of police officers involved in the investigation--including dispatch personnel--may support a finding of probable cause." *Id.*

Relying on the collective knowledge doctrine, the State argues the officers involved in the investigation had probable cause to believe Borek committed a felony DUI. In support of this argument, the State identifies numerous facts regarding Borek's conduct at the scene, Detective Steele's observations and comments, and his prior encounters and familiarity with Borek. Determining whether the investigating officers' collective knowledge established probable cause that Borek committed a felony DUI, however, turns on whether they had knowledge of Borek's prior felony DUI conviction making the offense for which Detective Steele arrested Borek a felony. *See, e.g.*, *Amstutz*, 169 Idaho at 148, 492 P.3d at 1107 (ruling DUI arrest unlawful absent evidence of knowledge of prior misdemeanor DUIs making offense felony); *Porter*, 169 Idaho at 458, 497 P.3d at 212 (ruling DUI arrest lawful where defendant admitted prior felony DUI to arresting officer).

Describing Detective Steele's knowledge, the State asserts "Detective Steele was familiar with Borek from prior contacts, knew his license was suspended (which suspension was for DUI), and knew he had prior DUIs." Further, the State asserts that "during the fifteen-minute waiting period [before the breathalyzer test], Detective Steele reviewed Borek's driving history and NCIC, which showed his DUI history." In support, the State cites Detective Steele's suppression hearing testimony, his body camera video, and the incident detail report.

Additionally, the State asserts that Deputy Henderson--who was also on the scene when Borek was arrested--"had knowledge of Borek's driving record, which provided the details of Borek's prior and current DUI suspensions." In support of this assertion, the State relies on: (1) Detective Steele's body camera video in which "Detective Steele asked Deputy Henderson to gather information while Detective Steele spoke with Borek"; (2) the incident detail report which, according to the State, shows that "at around eleven minutes into the stop at 15:23:19 [before] Borek was handcuffed, Deputy Henderson added Borek's driving history to the incident detail report"; and (3) "Detective Steele testified that officers can insert a comment to [sic] the detail report, which will then appear for all officers on the scene." Although the State acknowledges that

7

this collective information "does not amount to judgments of conviction providing conclusive proof of Borek's prior record," it contends "absolute certainty was not required."

The facts on which the State relies, however, are neither the same facts the district court found nor undisputed facts in the record. *Hoskins*, 165 Idaho at 222, 443 P.3d at 236 (noting right-result, wrong-theory rule applies to "same facts or undisputed facts in the record"). For example, Deputy Henderson did not testify at the suppression hearing, and no evidence in the record shows his knowledge of Borek's prior DUIs, an explanation of the contents of the incident detail report into which Deputy Henderson purportedly added Borek's driving history, the timing of that conduct relative to Borek's arrest, or whether Deputy Henderson otherwise conveyed any information about Borek's driving history to Detective Steele. Further, no evidence in the record shows that Deputy Henderson reviewed Borek's record, knew that he had a prior felony DUI, and conveyed that information to Detective Steele. Indeed, Detective Steele testified during the suppression hearing that he was not aware of Borek's prior felony DUI conviction before arresting him: "I didn't know his exact DUI conviction record at the time of actually arresting him. I knew that he had had--I've had prior contacts with him and that he had prior DUIs, but I didn't know his exact conviction record at that time."

Additionally, contrary to the State's factual assertions on appeal, the record does not support that: (1) Detective Steele knew Borek's driver's license was suspended for DUI; (2) "Borek indicated he was on probation for a DUI"; or (3) "during the fifteen-minute waiting period [before the breathalyzer test], Detective Steele reviewed Borek's driving history and NCIC, which showed his DUI history." Contrary to this latter assertion, the court found that Detective Steele learned about Borek's DUI convictions later. Specifically, the court found that "on the drive to the Meridian Police Station, [Detective] Steele received information from NCIC system and Triple Iris system, that Borek had multiple DUI convictions."

The State's factual assertion that Deputy Henderson knew Borek had a prior felony DUI and included that information in the incident detail report thereby conveying the information to Detective Steele before he arrested Borek is merely speculative and does not establish Detective Steele was personally aware of the information. *See Amstutz*, 169 Idaho at 148, 492 P.3d at 1107 (ruling arresting officer must be personally aware of information). Because the facts on which the State relies are neither the same facts the district court found nor undisputed facts in the record, the right-result, wrong-theory rule is inapplicable. As the Idaho Supreme Court has previously

8

ruled, this rule applies only to the same facts or undisputed facts in the record. *Hoskins*, 165 Idaho at 222, 443 P.3d at 236. Accordingly, we conclude Detective Steele did not have either actual or collective knowledge of Borek's prior DUI and, thus, did not have probable cause to believe Borek had committed a felony offense at the time Detective Steele arrested Borek.

## B. Inevitable Discovery

Alternatively, the State argues that, even if Detective Steele unlawfully arrested Borek without probable cause of a felony offense, Detective Steele would have inevitably discovered the evidence Borek seeks to suppress. The inevitable discovery rule applies when the State demonstrates by a preponderance of the evidence that law enforcement would have discovered the unlawfully obtained evidence by a lawful method. *State v. Rowland*, 158 Idaho 784, 787, 352 P.3d 506, 509 (Ct. App. 2015). Although the lawful method does not need to be the result of a wholly independent investigation, it must result in some action, actually taken or in the process of being taken, which would have inevitably led to the discovery of the unlawfully obtained evidence. *Id.* The rule does not permit a court to speculate on the course of action the investigation could have taken absent a constitutional violation. *State v. Maxim*, 165 Idaho 901, 909, 454 P.3d 543, 551 (2019). "The question is not what legal path the police would have inevitably taken which could have yielded the evidence. The question is what legal path the police actually took which would have inevitably yielded the evidence." *Id.*

In this case, the State argues a "lawful investigative path, which was unaffected by the premature arrest, would have inevitably yielded the evidence Borek seeks to suppress." As the State describes this path, Detective Steele had reasonable suspicion to detain Borek to investigate a possible DUI and to conduct a breathalyzer test. While detaining Borek for that test, Detective Steele would have "checked Borek's driving record and criminal history, confirming that Borek's DUI was a felony offense rather than a misdemeanor." After learning the negative results of the breathalyzer test, Detective Steele would have "continued his DUI investigation by having Borek submit to a [drug recognition] evaluation and requesting a blood draw."

For numerous reasons, the inevitable discovery rule does not apply to the State's posited factual scenario. For example, the State's argument speculates what would have occurred but for Detective Steele's unlawful arrest of Borek without probable cause for a felony offense. *See id.* at 909, 454 P.3d at 551 (providing rule does not permit court to speculate what would have occurred absent constitutional violation). The argument also assumes, contrary to the district court's

findings, that Detective Steele learned about Borek's prior felony DUI during the waiting period before administering the breathalyzer test. As noted above, however, the court found Detective Steele did not learn this information until transporting Borek to the police department. Finally, no evidence or legal theory supports that Detective Steele could have lawfully transported Borek to the police department without converting the hypothetical investigative detention into an arrest. Contrary to the inevitable discovery rule, the State's argument substitutes what the police should have done for what they actually did and has the effect of "swallow[ing] the exclusionary rule whole." *See id.* at 909, 454 P.3d at 551 (observing inevitable discovery doctrine not intended to swallow exclusionary rule by substituting what police should have done); *see also Amstutz*, 169 Idaho at 150, 492 P.3d at 1109 (noting "[a]n officer's subsequent discovery of facts that would have permitted a felony arrest" does not "retroactively justify" an initial arrest made without probable cause). Moreover, the Idaho Supreme Court has ruled that, in the context of an offense committed outside the officer's presence, "an officer's subsequent discovery of facts that would have permitted a felony arrest in the first instance cannot retroactively justify the initial arrest." *Amstutz*, 169 Idaho at 160, 492 P.3d at 1109.

## IV.

## CONCLUSION

We hold that the district court erred in denying Borek's suppression motion because Detective Steele arrested Borek for a misdemeanor completed outside of Detective Steele's presence and without probable cause that the offense was a felony DUI. Accordingly, we reverse the court's denial of Borek's suppression motion, vacate the judgment of conviction, and remand for further proceedings consistent with this opinion.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.