**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51927**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 19, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| GEORGE MICHAEL PALMER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction for possession of a controlled substance and driving under the influence, <u>affirmed</u>; order denying motion to suppress, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Judge

George Michael Palmer appeals from his judgment of conviction for possession of a controlled substance and driving under the influence (DUI). Palmer argues that the district court erred in its denial of his motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer Demchuk stopped Palmer for driving without his taillights on. Officer Demchuk smelled the odor of alcohol and suspected Palmer of DUI. Officer Demchuk began an investigation for DUI and obtained breath samples from Palmer that read .000 but he met decision points for all three standardized field sobriety tests. Palmer was then transported to the Meridian Police Department for further investigation. There, Officer Glynn completed a Drug Recognition Evaluation investigation on Palmer, after which Officer Glynn determined that Palmer was

1

impaired. Another officer, Officer Herscowitz, remained at the scene. Officer Herscowitz decided to impound Palmer's vehicle and thereafter conducted an inventory search of the vehicle. As a result of the inventory search, Officer Herscowitz found a syringe, a pipe with burnt residue, a leafy green substance, and a plastic bag with a white crystalline substance in Palmer's vehicle. The leafy green substance tested presumptively positive for marijuana, and the white crystalline substance tested presumptively positive for methamphetamine. The State charged Palmer with possession of methamphetamine, possession of marijuana, possession of drug paraphernalia, and DUI.

Palmer moved to suppress the evidence found in his vehicle during the inventory search, which the district court denied. Pursuant to a plea agreement, Palmer pled guilty to felony possession of a controlled substance (Idaho Code § 37-2732(c)) and DUI (I.C. § 18-8004), reserving his right to appeal. Palmer appeals the denial of his motion to suppress.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Palmer argues that the district court erred in denying his motion to suppress because the impoundment of his vehicle was a pretext for a criminal investigation and was not reasonable. The State responds that Palmer failed to show error in the district court's finding and that Palmer's argument lacks authority. The State also asserts that Palmer does not challenge the district court's determination that the evidence would have been inevitably discovered.

The district court denied the motion to suppress the evidence obtained during the search based on two independent grounds: (1) the inventory search was reasonable; and (2) that the evidence would have been inevitably discovered. As to the reasonableness of the impoundment, Palmer argues that the decision to impound was pretextual as discussed in *State v. Ramos*, 172 Idaho 764, 771, 536 P.3d 876, 883 (2023). The district court found that the impoundment was not pretextual. Palmer recognizes that the district court applied the proper framework under *Ramos*. However, "[m]indful of the *Ramos* framework and the district court's factual findings," Palmer submits that the evidence shows the impoundment was pretextual. In support, Palmer only points to a comment by the impounding officer that a reason to tow was because the vehicle had been used for driving under the influence. Palmer, without citation to the record, then suggests that the circumstances did not necessitate towing. The record shows that the vehicle was not parked in a parking stall but, rather, it was parked in the thoroughfare of a private parking lot where vehicles would need to travel to park and/or gain access to a construction site and no passengers were present to take control of the vehicle. Palmer fails to demonstrate the district court erred in finding the impoundment was not pretextual.

The district court also found that, "in the alternative, even if the evidence did not fall within the inventory exception, the evidence is also admissible under the inevitable discovery doctrine." When a lower court decides on alternative grounds and one or more of those grounds are not challenged on appeal, we will affirm. *State v. Rodriguez*, 174 Idaho 712, 720, 559 P.3d 1199, 1207 (2024). The inevitable discovery doctrine is an exception to the exclusionary rule that was established by the United States Supreme Court in *Nix v. Williams*, 467 U.S. 431, 444 (1984) and adopted by the Idaho Supreme Court in *Stuart v. State*, 136 Idaho 490, 497-99, 36 P.3d 1278, 1285-87 (2001). *State v. Rowland*, 158 Idaho 784, 787, 352 P.3d 506, 509 (Ct. App. 2015). The inevitable discovery doctrine applies when a preponderance of the evidence demonstrates that the evidence discovered pursuant to an unlawful search or seizure would have inevitably been discovered by lawful methods. *Id*. Although those lawful means need not be the result of a wholly independent investigation, they must be the result of some action that actually took place (or was in the process of taking place) that would inevitably have led to the discovery of the unlawfully obtained evidence. *Id*.

Palmer does not appeal the district court's holding that, even if the vehicle impoundment was unreasonable because it preceded his arrest, the evidence found in the vehicle would still be admissible under the inevitable discovery doctrine. The district court concluded that, once Palmer was arrested for DUI, the vehicle would have been impounded and an inventory search would have been performed because of the arrest. While Palmer acknowledges the district court's application of the inevitable discovery doctrine, he does not challenge it on appeal. Therefore, even if the district court erred in denying Palmer's motion to suppress, the outcome of the denial of the motion to suppress would remain unchanged due to the inevitable discovery doctrine.

## IV.

## CONCLUSION

Palmer failed to show the district court erred in denying his motion to suppress. Consequently, Palmer's judgment of conviction for possession of a controlled substance and DUI is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.