## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 49271

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | **June 2022 Term** |
| v. | ) | |
| | ) | **Opinion filed: October 4, 2022** |
| ARTHUR ELLIS VIVIAN, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Cheri C. Copsey, District Judge.

The district court's decision is <u>reversed</u>, <u>vacated</u> and <u>remanded</u> for further proceedings.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for Appellant. Kimberly A. Coster argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent. John McKinney argued.

---

ZAHN, Justice.

Arthur Ellis Vivian appeals from the district court's order denying his motion to suppress evidence obtained following an unlawfully extended traffic stop. For the reasons stated below, we reverse the district court's decision denying the motion to suppress, vacate Vivian's judgment of conviction, and remand for further proceedings.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On April 24, 2019, Deputy Brott stopped Vivian's car because Vivian's brake lights were not working. Brott recorded the stop using a body camera ("body cam"). Vivian informed Brott that his license had been suspended and Brott began investigating the reason for Vivian's suspended license. After five minutes and forty seconds of interaction with Vivian, Brott returned to his vehicle to run Vivian's license. After returning to his patrol car, Brott talked to Officer Short, who had recently arrived at the scene. Short advised Brott that he was familiar

with Vivian and there was a possibility there could be narcotics in Vivian's vehicle. Brott called for a drug detecting K-9 unit nine minutes into the stop. After confirming Vivian's license was suspended, Brott completed a citation for driving without privileges. Brott discussed with Short what to do with Vivian's vehicle since Vivian could not drive it home.

Brott exited his patrol car with the completed citation and Vivian's license at sixteen minutes and forty-six seconds into the stop. Brott did not immediately return to Vivian's car but instead continually looked down the road. At seventeen minutes and one second on the body cam, Short shook his head several times. Deputy Hickam and a drug detecting K-9 arrived eighteen minutes and thirty-seven seconds into the stop.

At nineteen minutes and twenty-nine seconds Brott approached Vivian's vehicle, asked Vivian to exit the vehicle and requested to pat him down. Brott issued the citation for driving with a suspended license at twenty minutes and forty seconds. During the time Brott explained the citation to Vivian, the drug K-9 alerted to a controlled substance in the vehicle. A subsequent search discovered a bag containing methamphetamine.

Following the discovery of the methamphetamine, Vivian admitted to Hickham that he had used methamphetamine a few days prior. Brott then read Vivian his *Miranda* rights and Vivian subsequently admitted to paying $60 for the methamphetamine and admitted that his "fingerprints could have been on the bag."

The State charged Vivian with possession of a controlled substance and possession of drug paraphernalia. Vivian moved to suppress all evidence gathered as a result of an illegal seizure, arguing that officers unlawfully extended the traffic stop in violation of the Fourth Amendment. The State argued the motion should be denied because Brott did not impermissibly extend the stop, and even if he did, the drugs discovered in the vehicle were admissible under the inevitable discovery doctrine. The State did not argue that Vivian's pre- or post-Miranda statements were admissible under an exception to the exclusionary rule. At the suppression hearing, Brott testified and the prosecutor admitted the body cam footage.

The district court later issued a written decision, granting the motion in part. The district court first determined that the investigative detention was justified since Vivian's brake lights were not working. Next, the district court determined that Brott delayed delivering the citation while waiting for the K-9 to arrive and thereby unlawfully extended the stop. Nonetheless, the district court found that the methamphetamine and paraphernalia would have been inevitably

discovered because Vivian could not drive his vehicle home due to the suspended driver's license, and therefore a "lawful sniff of Vivian's vehicle would have occurred regardless of any unlawful extension of the stop." The district court suppressed all of Vivian's incriminating pre-*Miranda* statements, but declined to address whether Vivian's post-*Miranda* statements should be suppressed because Vivian failed to establish that they were coerced.

Vivian pleaded guilty to possession of methamphetamine pursuant to an Idaho Criminal Rule 11 plea agreement and reserved his right to appeal the district court's decision on his motion to suppress. Vivian timely appealed and his appeal was assigned to the Idaho Court of Appeals.

The Court of Appeals affirmed the district court's decision after determining that Vivian failed to challenge an adverse ruling by the district court on appeal. *State v. Vivian*, No. 47811, 2021 WL 3877712, at *4 (Idaho Ct. App. Aug. 31, 2021). The Court of Appeals concluded that while Vivian challenged the district court's failure to apply the exclusionary rule to his post-*Miranda* statements the district court never ruled on the issue and, therefore, Vivian failed to obtain an adverse ruling, which is a prerequisite to raising an issue on appeal. *Id.* at *3. Vivian filed a petition for review, which this Court granted.

## II.   ISSUE ON APPEAL

Whether the district court erred in declining to apply the Fourth Amendment's exclusionary rule to suppress Vivian's post-*Miranda* statements?

## III.   STANDARD OF REVIEW

"In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Purdum*, 147 Idaho 206, 207, 207 P.3d 182, 183 (2009) (quoting *State v. Oliver*, 144 Idaho 722, 724, 170 P.3d 387, 389 (2007)). "The standard of review of a suppression motion is bifurcated." *State v. Holland*, 135 Idaho 159, 161, 15 P.3d 1167, 1169 (2000). "When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found." *State v. Smith*, 159 Idaho 865, 868, 367 P.3d 260, 263 (Ct. App. 2016).

3

## IV.    ANALYSIS

**A.    Vivian preserved his argument concerning suppression of his post-*Miranda* statements.**

The Court of Appeals determined, *sua sponte*, that Vivian failed to preserve the issue that his post-*Miranda* statements should have been suppressed because he did not demonstrate an adverse ruling forming the basis of his assignment of error. In doing so, the Court of Appeals relied on the premise that "in order for an issue to be raised on appeal, the record must reveal an adverse ruling that forms the basis for assignment of error." *See, e.g.*, *State v. Huntsman*, 146 Idaho 580, 585, 199 P.3d 155, 160 (Ct. App. 2008). We recently clarified our adverse ruling jurisprudence, however, and held that "a party preserves an issue for appeal by properly presenting the issue with argument and authority to the trial court below and noticing it for hearing *or* a party preserves an issue for appeal if the trial court issues an adverse ruling. Both are not required." *State v. Miramontes*, ___ Idaho ___, ___, ___ P.3d ___, ___ (2022) (emphasis in original).

Applying this standard here, Vivian filed a written motion to suppress, seeking to suppress "all evidence gathered as a result of an illegal seizure, in violation of the Fourth Amendment." Vivian argued, in his brief in support of the motion, that this included the statements he made before and after the unlawful delay, because they too were "fruit of the poisonous tree." Vivian noticed the motion for hearing and argued it to the district court. The district court, however, only addressed suppression of the physical evidence found in the vehicle and Vivian's pre-*Miranda* statements. Vivian did everything required to present the issue to the district court and provide the court with the opportunity to consider and decide the issue. This was sufficient to preserve the issue for appeal.

**B.    The district court erred in declining to suppress Vivian's post-*Miranda* statements.**

Having concluded that Vivian preserved the issue for appeal, we now turn to the merits of his argument. Vivian does not challenge the admissibility of the methamphetamine discovered in his vehicle, but only the admissibility of his post-*Miranda* statements. Vivian argues that the district court properly concluded that Brott unlawfully extended the stop and, therefore, he was entitled to suppression of all statements made, regardless of whether they were made before or after the *Miranda* warning. Vivian also contends that the State failed to argue or otherwise demonstrate that his statements were admissible under the inevitable discovery doctrine.

4

The exclusionary rule bars the use of physical evidence and verbal statements obtained as a result of a Fourth Amendment violation. *Wong Sun v. United States*, 371 U.S. 471, 485 (1963). When determining whether evidence is obtained as a result of a Fourth Amendment violation—so called "fruit of a poisonous tree"—the Court must consider whether the evidence was discovered through the exploitation of the illegal actions by police or "instead by means sufficiently distinguishable to be purged of the primary taint." *Id.* at 487–88. "Where a defendant has moved to suppress evidence allegedly gained through unconstitutional police conduct . . . the defendant bears an initial burden of going forward with evidence to show a factual nexus between the illegality and the state's acquisition of the evidence." *State v. Kapelle*, 158 Idaho 121, 127, 344 P.3d 901, 907 (Ct. App. 2014). "This requires a prima facie showing that the evidence sought to be suppressed would not have come to light but for the government's unconstitutional conduct." *State v. McBaine*, 144 Idaho 130, 133, 157 P.3d 1101, 1104 (Ct. App. 2007) (internal quotations omitted). This burden does not require the defendant to prove that the State could not have discovered the evidence absent an illegal search, but instead, "the defendant need only show that, on the events that did take place, the discovery of the evidence was a product or result of the unlawful police conduct." *Id.* at 134, 157 P.3d at 1105. Once the defendant proves this factual nexus, the burden shifts to "the State to demonstrate the exception applicable to the fruit of the poisonous tree doctrine. . . ." *State v. Bills*, 166 Idaho 778, 782, 463 P.3d 412, 416 (Ct. App. 2020). There are three exceptions to the exclusionary rule: independent origin, inevitable discovery, and attenuated basis. *Stuart v. State*, 136 Idaho 490, 495, 36 P.3d 1278, 1283 (2001).

Vivian thus bore the initial burden to show a factual nexus between the unlawful extension and his incriminating statements. Vivian's motion to suppress and brief in support requested suppression of all evidence obtained as a result of the illegally extended stop, including his "statements." He specifically referenced statements made after officers found drugs and paraphernalia in his vehicle. His argument was broad enough to encompass both his pre- and post-*Miranda* statements. Vivian supported his motion with Brott's body cam video. The video depicts Vivian's post-*Miranda* statements, which occurred during what the district court determined to be an unlawfully extended traffic stop. This was sufficient evidence to satisfy Vivian's initial obligation. *See State v. Babb*, 136 Idaho 95, 99, 29 P.3d 406, 410 (Ct. App. 2001) (holding video surveillance showing defendant's detention and arrest can be sufficient to

demonstrate a factual nexus between arrest and discovery of evidence). The burden then shifted to the state to demonstrate an exception to the exclusionary rule. *Bills*, 166 Idaho at 782, 463 P.3d at 416.

1.  The inevitable discovery exception does not apply to verbal statements.

The only exclusionary rule exception that the state argued below was the inevitable discovery doctrine. The State reasserts that argument on appeal and contends that, given his suspended driver's license, Vivian could not lawfully drive his vehicle away and, therefore, the drug-detection dog would have eventually sniffed the vehicle and alerted to the presence of drugs. The State contends that Vivian would "have inevitably made his statements in response to being confronted with the evidence discovered in his car."

Before deciding whether the inevitable discovery exception applies here, we will first address the district court's decision declining to rule on whether Vivian's post-Miranda statements should be suppressed as fruit of the poisonous tree. The district court wrote that it declined to reach the issue because, "Vivian has not argued or presented evidence [that] his post-*Miranda* statements were coerced." The district court erred in this regard. "Miranda warnings, alone and per se, cannot always make the act sufficiently a product of free will [to] break, for Fourth Amendment purposes, the causal connection between the illegality and the confession." *Brown v. Illinois*, 422 U.S. 590, 603, 95 S. Ct. 2254, 2261, 45 L. Ed. 2d 416 (1975). The district court improperly assumed the *Miranda* warnings cleansed Vivian's statements of any illegal taint and placed the burden on Vivian to establish that the *Miranda* warnings did not attenuate the illegal taint from the statements. But that was never Vivian's burden. As discussed above, once Vivian established the causal nexus between the illegality and his subsequent statements, the burden then shifted to the State to establish an exception to the exclusionary rule. Moreover, the State never argued below that the *Miranda* warnings attenuated the illegal taint resulting from the Fourth Amendment violation. The district court erred when it imported an argument that was not presented below and when it placed a burden on Vivian that was not his to bear.

We now address the only exclusionary rule exception that the State proffered below— that Vivian's statements were admissible under the inevitable discovery doctrine. "[T]he inevitable discovery doctrine applies when a preponderance of the evidence demonstrates that the evidence discovered pursuant to an unlawful search or seizure would have inevitably been discovered by lawful methods." *State v. Rowland*, 158 Idaho 784, 787, 352 P.3d 506, 509

6

(Ct. App. 2015). The lawful means of discovery "must be the result of some action that actually took place (or was in the process of taking place) that would inevitably have led to the discovery of the unlawfully obtained evidence . . . ." *Id.* "Each piece of evidence must have an independent basis for admissibility." *Bills*, 166 Idaho at 781, 463 P.3d at 415.

The district court determined that the methamphetamine and paraphernalia would have inevitably been discovered because Vivian's car would have remained at the scene and a lawful search of the vehicle would have occurred regardless of any unlawful extension of the stop. Vivian has not appealed this determination. The State argues that this analysis should also extend to Vivian's post-*Miranda* incriminating statements because Vivian would have inevitably made the incriminating statements after being confronted with the methamphetamine and paraphernalia that would have been inevitably discovered in his vehicle.

The Court of Appeals recently addressed a similar argument in *State v. Bills*, 166 Idaho 778, 463 P.3d 412, (Ct. App. 2020). There, the defendant made incriminating statements after an unlawful search. 166 Idaho at 779, 463 P.3d at 413. The district court concluded that the contraband discovered as a result of that search was admissible under the inevitable discovery exception. *Id.* Further, the district court suppressed the defendant's pre-*Miranda* statements but admitted her post-*Miranda* statements. *Id.* On appeal, the State argued that the post-*Miranda* statements were admissible under the inevitable discovery exception because "had Bills been lawfully searched incident to the arrest, she would have made the same statements when confronted with the evidence." *Id.* at 781, 463 P.3d at 415. The Court of Appeals rejected the State's argument, explaining, "[s]tatements are inherently different than physical evidence which, by its nature, a defendant cannot change or ignore. Conversely, a defendant, after given time to reflect upon her circumstances, may not make the same statements and may not make any statements at all." *Id.* The Court of Appeals subsequently held,

> The State does not point to any evidence in the record to indicate Bills would have spoken and given the same answers absent the initial illegality. This Court will not speculate as to if and to what extent Bills would have made the same statements; the burden is on the State to demonstrate the exception applicable to the fruit of the poisonous tree doctrine, and the State has failed to do so in this case.

*Id.* at 781–82, 463 P.3d at 415–16.

The State's argument in this case is essentially the same argument that the Court of Appeals rejected in *Bills*. As the Court of Appeals explained in that case, verbal statements are

different than physical evidence because a defendant could choose, if given time for reflection, not to make the statements or to answer differently. Relying on this same reasoning, other courts have categorically concluded that the inevitable discovery exception does not apply to statements. *See State v. McClain*, 862 N.W.2d 717, 725 (Minn. Ct. App. 2015) (holding the "inevitable-discovery doctrine does not apply to statements obtained after an unlawful search."); *United States v. Vasquez De Reyes*, 149 F.3d 192, 195–196 (3d Cir.1998) (holding the inevitable discovery exception did not apply to the defendant's statements); *United States v. Polanco*, 93 F.3d 555, 562 (9th Cir. 1996) (holding the inevitable discovery exception does not apply to the admission of unconstitutional inculpatory statements).

We now join other courts and hold that the inevitable discovery exception does not allow the admission of verbal statements that would otherwise be excluded as "fruit of the poisonous tree." We agree with the Court of Appeals' obervations in *Bills* that verbal statements are inherently different than physical evidence and that it is entirely speculative to say that a person would make the same statements under different circumstances. A defendant may well choose, under different circumstances not resulting from an illegal search or seizure, to not make any statements or to make different statements. As a result of our holding today, Vivian's post-*Miranda* statements are not admissible under the inevitable discovery exception.

**C.      The State failed to preserve any argument that Vivian's statements are admissible under the attenuation doctrine.**

The State also appears to argue in its briefing on appeal that the statements should be admitted under the attenuation doctrine, arguing that "Vivian's post-*Miranda* statements were the product of free will such that the *Miranda* warning dissipated the taint of the illegal seizure." Vivian argues that the delivery of the *Miranda* warnings did not purge the taint of the officer's Fourth Amendment violation in prolonging the stop**.**

The State conceded at oral argument that it did not argue the attenuation exception to the district court. "Issues not raised below will not be considered by this Court on appeal, and the parties will be held to the theory upon which the case was presented to the lower court." *State v. Hoskins*, 165 Idaho 217, 221, 443 P.3d 231, 235 (2019) (quoting *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017) (alternation omitted). Because appellate review is limited to the theory presented below, we will not consider the State's argument regarding the attenuation exception.

The State failed to establish that Vivian's post-*Miranda* statements should be admitted under an exception to the exclusionary rule. The district court, therefore, erred in failing to suppress Vivian's post-M*iranda* statements.

## V.    CONCLUSION

For reasons stated above, we reverse the district court's decision that Vivian's post-*Miranda* statements were admissible, vacate Vivian's judgment of conviction, and remand for further proceedings.

Chief Justice BEVAN and Justices BRODY, STEGNER, and MOELLER **CONCUR**.