# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50561

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 26, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JACOB THERON CROSBY, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Michael J. Whyte, District Judge.

Order denying motion to suppress and judgment of conviction, <u>affirmed.</u>

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Jacob Theron Crosby appeals from his judgment of conviction for two counts of felony possession of a controlled substance. Crosby argues the district court erred in denying his motion to suppress evidence obtained by police because the officers lacked reasonable articulable suspicion to perform a protective sweep of his hotel room. Alternatively, he argues the district court erred in holding the evidence would have been inevitably discovered because the State never relied on that exception to the exclusionary rule as a basis to admit the evidence. Crosby alternatively argues that the evidence would not be inevitably discovered. The State concedes the protective sweep was improper but argues the search warrant obtained by officers was valid even without any information gained from the protective sweep and the evidence would inevitably have been discovered during the lawful search permitted by the search warrant. For the following

1

reasons, we affirm the order denying the motion to suppress and the judgment of conviction entered in this case.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officer McCall conducted a traffic stop of a vehicle driven by Cassandra Pritchett. Pritchett indicated she had come from a hotel where she was staying with her boyfriend, Jacob Crosby. Pritchett told Officer McCall that Crosby was the registered owner of the vehicle Pritchett was driving. Dispatch advised Officer McCall that Pritchett had an active warrant for her arrest and Officer McCall arrested her. Officer McCall searched Pritchett incident to her arrest and found two packages of different quantities of presumed methamphetamine in Pritchett's jacket. Officer McCall then learned that Crosby also had an outstanding warrant for his arrest and there was an Officer Safety Alert on him because he was a known drug abuser. Officer McCall confirmed with Pritchett that Crosby was at the hotel and their hotel room number. Officer McCall, with other officers, went to the hotel and knocked on the door of the room number given to them by Pritchett. Crosby opened the door, confirmed his identity, and voluntarily exited his hotel room into the hallway, where Officer McCall placed him under arrest. Officer McCall searched Crosby and, in his pants pocket, located a "rig" which Officer McCall defined as a loaded syringe or pipe used to ingest an illegal substance. Officer McCall asked to search Crosby's hotel room and Crosby refused. Officer Wood, another officer on the scene, took Crosby from the hotel and placed him into a patrol vehicle.

Officer McCall testified that because Crosby refused consent to search the room, the plan was to secure the room with a protective sweep to determine if anyone else was in the room and then apply for a search warrant. Officers McCall and Goms performed a protective sweep of the hotel room, announcing their presence and entering with guns drawn. The sweep occurred approximately eight minutes after Crosby was handcuffed and placed in the patrol vehicle. During the sweep, the officers observed drug paraphernalia in plain view. Officer McCall requested, and was issued, a search warrant to search the hotel room. Officer McCall submitted an affidavit in support of the warrant application, which referenced the paraphernalia, as well as the other information obtained before the protective sweep. The search of the hotel room resulted in the discovery of illegal substances. Crosby was subsequently charged with one count of drug trafficking in methamphetamine or amphetamine, Idaho Code § 37-2732B(a)(4)(A), one count of

2

drug trafficking in heroin, I.C. § 37-2732B(a)(6)(A), and one count of possession of drug paraphernalia, I.C. § 37-2734A(1).

Crosby filed a motion to suppress all evidence found in the hotel room arguing the search was unconstitutional because he was outside of his room when arrested, officers did not have reasonable suspicion to believe someone else was in the room, and the timing of the protective sweep occurred outside the timeframe for such a search as set forth in *Maryland v. Buie*, 494 U.S. 325 (1990). The district court held a hearing on the motion, ultimately concluding the sweep was proper under the standards set forth in *Buie*.

As an alternative basis for denying Crosby's motion to suppress, the district court also held that Officer McCall had probable cause to obtain the search warrant based on the totality of the information known to the officer without the drug paraphernalia information gained during the protective sweep. This included the information obtained from Pritchett; the fact of the illegal substances found on her person; that Pritchett had come from the hotel room; that Crosby, a known drug user, was in the room; and the search of Crosby revealed paraphernalia. The district court concluded the inevitable discovery doctrine exception would apply to the evidence seized because the officers had probable cause to obtain a warrant; thus, any evidence seized, in plain view or otherwise, would have been seized pursuant to the warrant. As a result, the district court denied the motion to suppress.

Crosby conditionally pled guilty to one count of possession of methamphetamine and one count of possession of heroin, reserving his right to appeal the denial of the motion to suppress; and the State agreed to dismiss the count of possession of drug paraphernalia. Crosby appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

3

## III.

## ANALYSIS

Crosby argues the district court erred in denying his motion to suppress in three ways. First, the district court erred in finding officers performed a constitutionally permissible protective sweep when they entered Crosby's hotel room. Crosby contends the officers acted without articulable facts or a reasonable belief that there could be someone else inside the room who posed a danger and thus, there was no basis for the warrantless entry into his hotel room. Second, Crosby argues the protective sweep was not valid because it occurred beyond the timeframe set forth in *Buie*. Finally, Crosby argues the district court erred in holding the inevitable discovery doctrine applied when the issue was not raised by the State in opposition to the motion to suppress. The State concedes the protective sweep was improper but contends the district court correctly determined the inevitable discovery doctrine applied because the State raised the inevitable discovery exception in the trial court and the officers had sufficient evidence to obtain a search warrant without including the evidence observed during the protective sweep.

Because the State concedes the protective sweep was improper, we conclude, for purposes of this appeal, that the evidence seized would be suppressed unless an exception to the exclusionary rule applies. Thus, we address only the argument regarding the inevitable discovery exception to the exclusionary rule.

## A.     Preservation

Crosby argues that the inevitable discovery doctrine does not apply because the State never identified, argued, and ultimately proved the application of the inevitable discovery exception to the exclusionary rule in the district court. As a result, the district court improperly denied the motion to suppress based on an argument the State never made. The State contends the inevitable discovery argument was raised in substance, although not by name, during the motion to suppress hearing. As a result, the applicability of the inevitable discovery doctrine as a basis for admitting the evidence is preserved and the district court correctly denied Crosby's motion to suppress on that basis.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). "[A] party preserves an issue for appeal by properly presenting the issue with argument and authority to the trial court below and noticing

it for hearing *or* a party preserves an issue for appeal if the trial court issues an adverse ruling. Both are not required." *State v. Miramontes*, 170 Idaho 920, 924-25, 517 P.3d 849, 853-54 (2022).

Crosby points to three cases in support of his argument, but those cases only reiterate what is, by now, well-established: that arguments must be made in the trial court to be preserved on appeal. *See State v. Plata*, 171 Idaho 833, 840, 526 P.3d 1003, 1010 (2023) (holding that because the State did not argue or advance a theory for the exceptions that would have remedied the taint from the blood draw in the trial court, it would not consider the argument for the first time on appeal.); *State v. Vivian*, 171 Idaho 79, 84, 518 P.3d 378, 383 (2022) (holding the Supreme Court would not consider the State's argument that evidence obtained was sufficiently attenuated from the unlawful conduct of the officers because the attenuation theory that had not been argued below and therefore, was not preserved.). Crosby's reliance on *State v. Maahs*, 171 Idaho 738, 525 P.3d 1131 (2023) is similarly unhelpful because *Maahs* is not a case where the State made a different argument on appeal than it did in the trial court. Instead, the issue was that the State made *no* argument on appeal that Maahs failed to meet his initial evidentiary burden of showing a causal nexus between the unlawful police conduct and the evidence seized or that one of the exceptions to the exclusionary rule applied. *Id*. at 752-54, 525 P.3d at 1145-47.

Crosby is correct that in order for this Court to consider an argument on appeal, the argument must first be raised in the trial court. *State v. Wilson*, 169 Idaho 342, 347, 495 P.3d 1030, 1035 (2021). Here, the State argued in the district court that the evidence in the hotel room would have been discovered once the search warrant was issued. During the suppression hearing, the State presented evidence that the officers considered getting a warrant after stopping Pritchett, finding illegal substances on her, and knowing that she had come from the hotel. Testimony was also presented that after officers arrested Crosby, found a loaded syringe on him, and he refused to permit a search of his hotel room, the officers affirmatively decided to obtain a warrant. Thus, the officers intended to obtain a warrant before conducting a sweep of the hotel room. During the motion to suppress hearing, the State addressed Crosby's contention that the warrant would not have been obtained:

> If I'm getting the defense's argument, [] they are actually making an argument that the warrant was defective because of the information gleaned through a protective sweep. And I'm not sure -- and that may be what the Court has to make the decision, is that without -- that this warrant was, in fact, defective to the point that the search of the hotel room was invalid. But I don't think that this Court can get there.

5

Certainly I think that some of the information that was gleaned as a part of the protective sweep did end up in the search warrant; but I don't believe that that makes the fact -- even if this Court finds that the protective sweep was invalid, that the warrant by itself should fall [sic] -- and I think that's where the defense is going to have to go in order to get the result they want.

The State argued the search warrant would have been issued even without information from the protective sweep, and because the incriminating evidence was in plain view, it would have been discovered when the search warrant was executed. Thus, in this case, the State argued the applicability of the inevitable discovery exception in the district court. This identified, as an alternative argument to the validity of the protective sweep, an exception to the exclusionary rule for the admissibility of the evidence. Although the State did not say the words "inevitable discovery," the substance of the theory was presented to and ruled on by the district court. In this case, both the issue and the State's position on the issue were presented to the trial court; the trial court ruled on the issue, and thus, the issue is properly before this Court on appeal. Even if the State had not argued the applicability of the inevitable discovery doctrine, because the district court held it was an alternate basis to deny the motion to suppress, there is an adverse ruling which independently preserves the issue for appeal. *Miramontes*, 170 Idaho at 924-25, 517 P.3d at 853-54. Thus, under either theory, the issue is properly before this Court.

## B.      Inevitable Discovery Doctrine

The Fourth Amendment[1] to the United States Constitution prohibits unreasonable searches and seizures. Under the Fourth Amendment, a search conducted without a warrant is "presumptively unreasonable." *State v. Hansen*, 151 Idaho 342, 346, 256 P.3d 750, 754 (2011).

Generally, evidence obtained in violation of the Fourth Amendment is subject to the exclusionary rule. *State v. Cohagan*, 162 Idaho 717, 720, 404 P.3d 659, 662 (2017). The exclusionary rule requires the suppression of "primary evidence obtained as a direct result of an illegal search or seizure" as well as "evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.'" *Segura v. United States*, 468 U.S. 796, 804 (1984) (citation omitted). However, "[t]he United States Supreme Court has articulated the three

---

[1]      Although Crosby contends that both constitutions were violated, he provides no cogent reason why Article I, Section 17 of the Idaho Constitution should be applied differently than the Fourth Amendment to the United States Constitution in this case. Therefore, the Court will rely on judicial interpretation of the Fourth Amendment in its analysis of Crosby's claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).

6

exceptions" to the exclusionary rule: "independent origin, inevitable discovery, and attenuated basis." *Stuart v. State*, 136 Idaho 490, 495, 36 P.3d 1278, 1283 (2001).

"[T]he inevitable discovery doctrine applies when a preponderance of the evidence demonstrates that the evidence discovered pursuant to an unlawful search or seizure would have inevitably been discovered by lawful methods." *State v. Rowland*, 158 Idaho 784, 787, 352 P.3d 506, 509 (Ct. App. 2015). The inevitable discovery doctrine may apply where officers ultimately find evidence as the result of a search warrant, even when unlawfully obtained information formed part of the basis for the warrant. In that context, "the ultimate question is whether 'the remaining information presented to the magistrate, after the tainted evidence is excluded, contains adequate facts from which the magistrate could have concluded that probable cause existed for issuance of the search warrant.'" *State v. Smith*, 168 Idaho 463, 475, 483 P.3d 1006, 1018 (2021) (quoting *State v. Revenaugh*, 133 Idaho 774, 779, 992 P.2d 769, 774 (1999)).

The evidence presented supports the district court's determination that officers had the necessary evidence to establish probable cause for the search warrant before entering the hotel room and before seeing any of the evidence in plain view in that room. As previously noted, officers had specific knowledge about Pritchett, her relationship with Crosby, her possession of controlled substances, as well as information about Crosby, including his history of drug use, the outstanding warrants, and the Officer Safety Alert. In combination with the knowledge that Pritchett had been present in the hotel room shortly before, that she was carrying differing amounts of illegal substances typically indicating an intent to sell rather than personal use, the loaded syringe found on Crosby, and Crosby's refusal to permit a search, officers had probable cause to believe illegal activity was occurring in the room. The State established by a preponderance of the evidence that there was probable cause to obtain a warrant to search Crosby's hotel room without the evidence acquired during the protective sweep. During that lawful search, the evidence seized would have been inevitably discovered. The district court did not err in finding the inevitable discovery doctrine applied.

## IV.

## CONCLUSION

The doctrine of inevitable discovery was argued in the district court and the district court ruled on the theory. Thus, the argument is preserved for appeal. The State established that any evidence that would otherwise have been excluded based on the unlawful protective sweep would

7

have been inevitably discovered pursuant to the lawful search pursuant to the search warrant. The district court did not err in denying Crosby's motion to suppress. The district court's denial of the motion to suppress and the judgment of conviction are affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.